## Livingston v. Commonwealth.

(Decided April 26, 1935.)

F. M. JONES for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Dock Livingston appeals from a judgment convicting him of malicious cutting and wounding, with intent to kill, and fixing his punishment at one year's imprisonment.

The court qualified the self-defense instruction by adding the following:

"If you shall believe from the evidence in the case that the first difficulty ended, and that thereafter the defendant pursued the witness Young and cut and wounded him at a time when he was not in danger real or to the defendant apparent, then you can not acquit him on the grounds of self-defense."

It is insisted that there was no evidence on which to base the qualification, and that the court also erred in not defining the word "pursued."

The bill of exceptions discloses the following:

"The plaintiff to maintain the issue on its part introduced the following witnesses to-wit: W. A. Young, Floyd Gilbert, Earnest Keller and Gillis Coldiron, and these witnesses testified that on the night in March, 1934, they and the defendant were all playing a game of penny poker, when an argument arose between the defendant and W. A. Young over the ownership of a 'pot' Young saying it wasn't anything but a penny game and defendant tried to bet a dollar, saying call it all or I win, and reached to get the money and Young struck defendant in the head with a bottle: that after this difficulty between them, a woman came and called for the defendant and that they all started to leave the building where they were playing poker, and as the defendant and W. A. Young got out of the door of the house the defendant cut said Young with a knife, that Young was not doing anything to defendant at that time.

"The defendant to maintain the issues on his part introduced himself and Roy Mays, who testified that on the night of the difficulty, and after said Young had struck defendant in the head with a bottle, and as they were leaving the building, said W. A. Young obstructed the defendant's way as he was endeavoring to leave the building and ran his hand in his pocket, and some one called to the defendant and told him to 'watch out' that Young was going to cut him, and the defendant then drew his knife and cut said Young; that at the time he cut Young he thought Young was going to cut him."

It may be that the evidence, which is set forth in

narrative form, is not complete, and that there was other evidence showing that the accused did pursue and cut the witness Young; but, in determining whether the evidence authorized a particular instruction, we are confined to the evidence set forth in the bill of exceptions or referred to therein and made a part thereof by order of court. Examining the above evidence, we do not find any evidence tending to show that the accused pursued the prosecuting witness. On the contrary, all that the evidence shows is that all the parties engaged in a poker game and were leaving the building about the same time; and it does not appear whether the prosecuting witness was behind or in front of the accused. In view of this situation, we are constrained to hold that the qualification of the self-defense instruction, not being authorized by the evidence, was prejudicial to appellant's substantial rights.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.